Note—OA. opinion will be found in 4 Abs. 66.

---

## No. 223

### MILANO, Admr. v. PEOPLE'S RY. CO.

#### No. 19571. Supreme Court

On motion to certify. Dock. Jan. 16, 1926; 4 Abs. 56.

**829. NEGLIGENCE**—Where there is a scintilla of evidence which tends to bring a case within the doctrine of the last clear chance, is it the province of the court to determine the weight of the evidence and is it necessary to allege willfulness, wantonness and malice to invoke this doctrine?

This action was commenced originally by Frank Milano as administrator of the estate of Joseph Milano, deceased, against The People's Railway Co. in the Clark Common Pleas for the alleged wrongful death of the deceased.

It appears that at about 8:00 o'clock in the evening of August 31, 1923, the plaintiff's intestate was riding a bicycle near a street intersection without a light and on the wrong side of the street when he was struck by a street car belonging to the defendant here, thereby sustaining injuries which resulted in death.

It was alleged that the motorman could have stopped the car by exercise of ordinary care and this allegation was supported by some evidence and testimony.

The trial court charged the jury that according to the undisputed evidence the deceased was riding on the wrong side of the street and without a light in violation of law and that therefore Milano was negligent as a matter of law and that if this negligence was the proximate cause of the accident, either wholly or in part, then the verdict should be for the defendant company, regardless of what the motorman did or failed to do.

In answer to the complaint to this charge that it deprived Milano of the benefit of the doctrine of the last clear chance the court answered that contributory negligence was a complete defense because willful, wanton and malicious negligence on the part of the motorman was not alleged. A verdict and judgment for the company was affirmed by the Court of Appeals:

Milano, in the Supreme Court, contends:

1. That the Court erred in its charge because a scintilla of evidence which would tend to bring the case within the doctrine of the last clear chance would not warrant the court's determination of the weight of that evidence.

2. That it is not necessary to allege willfulness, wantonness, and malice in order to invoke the doctrine of the last clear chance.

Attorneys—Marshall & Harlan, for Milano; McMahon, Corwin, Landis & Markham, for Railway Co.; all of Dayton.

---

## No. 224

### COMMONWEALTH CAS. CO. v. SPOHN

#### No. 19596. Supreme Court

On motion to certify. Dock. Jan. 23, 1926; 4 Abs. 88.

**647. INSURANCE**—Is a farmer "wholly and continuously disabled and prevented from performing any and every duty pertaining to his business or occupation," as provided by an accident policy, if during the period of alleged disability he is able to direct the running of his farm and partially perform his duties as a county commissioner?

W. M. Spohn brought this action originally in the Richland Common Pleas against Commonwealth Casualty Company of Pennsylvania, to recover on a policy issued to him by said company insuring him against accident.

The section of the contract in question reads as follows:

"For the period of total loss of time commencing on ate of accident, during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to any business or occupation, the company will pay accident indemnity."

It appears that Spohn was a farmer and a county commissioner and that pursuant to the issuance of the insurance contract he was injured. During the period for which he claims total disability he supervised the management of his farm and performed some of his duties as county commissioner.

The judgment of the Common Pleas in holding that Spohn was totally disabled under the contract was affirmed by the Court of Appeals.

The Company, in the Supreme Court, contends that the contract provided for the performance of "any and every duty pertaining to any business or occupation" and that by performing the above duties he cannot recover for total disability.

Attorneys—Brucker & Farber and A. B. Mabee, for Company; Hutson & Hutchinson, for Spohn; all of Mansfield.